UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DANNY RAY MEEKS                    ]
    Plaintiff,                 ]
                               ]
v.                                 ]          No. 1:14-0092
                               ]          CHIEF JUDGE HAYNES
TENNESSEE DEPARTMENT OF            ]
CORRECTION, et al.                 ]
    Defendants.                ]

## MEMORANDUM

Plaintiff, Danny Ray Meeks, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 (ADA) against the Defendants: the Tennessee Department of Correction and the Corrections Corporation of America. Plaintiff seeks declaratory, injunctive and monetary relief.

According to his complaint, Plaintiff was denied the protections and benefits of the Americans with Disabilities Act of 1990. Plaintiff alleges that when he attempted to complain and stated his intentions to pursue his legal options, his personal property, radio and CD player were destroyed, and he was falsely accused of disciplinary infractions and was assaulted by other inmates.

To state a claim under 42 U.S.C. § 1983, the Plaintiff must allege plausible facts that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity. 42 U.S.C. § 12132. To state a *prima facie* claim under Title II of the ADA, the plaintiff must show that (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of,

or being subjected to discrimination under the program solely because of his disability. <u>Dillery v. City of Sandusky</u>, 398 F.3d 562, 567 (6th Cir. 2005).

In his complaint, Plaintiff never identifies nor describes his disability. Plaintiff has not alleged facts that is "otherwise qualified" nor describe what ADA benefits he has been denied due to his disability. The Court concludes that Plaintiff has failed to state a claim for relief under the ADA.

Plaintiff can not sue the Defendants solely because of their status as employers. Forty-two U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Absent allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982).

Here, there are not any facts alleged that the Defendants in any way, either directly or indirectly, denied the Plaintiff any benefits or harassed him because of a perceived disability. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Thus, the Court concludes that Plaintiff has also failed to state a claim upon which § 1983 relief can be granted.

Absent an actionable claim, the Court must dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the _12th_ day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court