# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **DANNY RAY MEEKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 1:14-cv-00092 |
| | ) CHIEF JUDGE CRENSHAW |
| **TENNESSEE DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the Court are Danny Ray Meeks' Motion to Alter or Amend Order (Doc. No. 78); Meeks' Motion for Review of Magistrate Judge's Order Denying Plaintiff's Motion for Extension of Time (Doc. No. 85); and the Report and Recommendation of the Magistrate Judge (Doc. No. 81), recommending that Corrections Corporation of America's ("CCA") Motion for Summary Judgment (Doc. No. 59) be granted.

For the following reasons, Meeks' motions (Doc. Nos. 78 and 85) will be denied, the Report and Recommendation (Doc. No. 81) will be adopted. Accordingly, CCA's Motion for Summary Judgment (Doc. No. 59) will be granted and this action will be dismissed.

## I. BACKGROUND

Danny Ray Meeks, then an inmate at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed this action pro se under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; and 42 U.S.C. §§ 1981 and 1983. The Complaint named the Tennessee Department of Correction ("TDOC") and CCA as

Defendants. (Doc. No. 1 at 3-4.) In the Amended Complaint, Arvil Chapman, Daniel Pritchard, Bruce Woods, and Reba Love were added as Defendants. (Doc. No. 3 at 2-4.)

The Court determined that Meeks failed to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), and dismissed his case. (Doc. No. 4.) Meeks appealed. (Doc. No. 10.) The Sixth Circuit found that Meeks had abandoned all claims, except for his retaliation claims under the ADA and 42 U.S.C. § 1983. (Doc. No. 18 at 4-6.) The Sixth Circuit held that Meeks stated plausible ADA retaliation claims against TDOC and CCA based, in part, on the following allegations:

> TDOC took adverse action against him for filing documents in his then-ongoing lawsuit alleging ADA and § 1983 violations by allegedly transferring him to a non-ADA compliant prison facility on October 24, 2012, destroying his property on June 12, 2013, and sanctioning his assault by a prison gang on June 29, 2013. . . . Meeks plausibly alleged a causal connection by stating that these alleged adverse actions occurred within close proximity of his exercise of his rights under the ADA.

(Id. at 4-5.) The Sixth Circuit remanded the case for further proceedings on the ADA claims. (Id. at 4-6.)

On April 19, 2016, CCA filed a motion for partial dismissal (Doc. No. 38) arguing that Meeks' ADA retaliation claims were barred by the applicable statute of limitations. (Doc. No. 39.) Meeks did not file a response.

On May 6, 2016, TDOC filed a Motion to Dismiss (Doc. No. 40) also arguing that the ADA retaliation claims were barred by the statute of limitations. Meeks filed a pro se response, contending that his ADA retaliation claims were timely under the continuing violations doctrine. (Doc. No. 46 at 1-2.) TDOC filed a reply, arguing that the alleged October 2012 transfer, June 2013 property destruction, and June 2013 assault were discrete events that do not constitute continuing violations. (Doc. No. 49 at 1-4.)

On September 6, 2016, Karen McDonald entered a notice of appearance as counsel for Meeks. (Doc. No. 66.)

On December 28, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that TDOC's Motion to Dismiss be granted. (Doc. No. 69.) On January 11, 2017, Judge William J. Haynes, Jr., issued an Order setting aside the Report and Recommendation and addressing TDOC's Motion to Dismiss (Doc. No. 40) and CCA's Partial Motion to Dismiss (Doc. No. 38) de novo. Judge Haynes ruled that Meeks' ADA retaliation claims for the October 2012 transfer, June 2013 property destruction, and June 2013 assault were barred by the statute of limitations and granted both CCA's motion for partial dismissal and TDOC's motion to dismiss. (Doc. No. 70 at 3.)

On January 17, 2017, this action was transferred to the undersigned. That same day, Meeks filed a pro se motion for extension of time to file objections to the Magistrate Judge's Report and Recommendation (Doc. No. 71) that the Magistrate Judge denied as moot in light of Judge Haynes' January 11 Order setting aside the Report and Recommendation. (Doc. No. 74.)

## II. PLAINTIFF'S MOTION TO ALTER OR AMEND (DOC. NO. 78)

On February 8, 2017, Meeks filed a Motion to Alter or Amend the January 11 Order. (Doc. No. 78.) TDOC and CCA each filed a response, (Doc. Nos. 83-1and 84)[1], and Meeks filed a reply (Doc. No. 94)[2]. For the following reasons, Meeks' motion will be denied.

Meeks styled this motion under Federal Rule of Civil Procedure 59(e), which only applies to final judgments. The January 11 Order was not final because it left claims remaining against

---

[1] Defendant TDOC filed a Request for Leave to File a Response (Doc. No. 83) that will be granted.
[2] Meeks filed a Request for Leave to File Reply in Support of His Motion to Alter or Amend (Doc. No. 93) that will be granted.

3

CCA.³ The Court therefore construes Meeks' motion as a request for relief under Federal Rule of Civil Procedure 54(b), which allows a party to request reconsideration of an interlocutory order. Reconsideration of an interlocutory order is appropriate where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cty. Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004)). Here, Meeks argues that the January 11 Order "presents clear errors of law" and that reconsideration is necessary to "prevent manifest injustice." (Doc. No. 79 at 3.)

Motions for reconsideration of an interlocutory order under Rule 54(b) must be filed within 21 days of a ruling on a motion for summary judgment and 14 days of a ruling on all other motions. MedApproach Holdings Inc. v. Hawkins, No. 3:11-cv-01199, 2014 WL 317710, at *4 (M.D. Tenn. Jan. 28, 2014) (citing Local Rule 7.01(b)). On January 11, 2017, Judge Haynes issued the Order on TDOC's motion to dismiss and CCA's motion for partial dismissal. Meeks' deadline to file a motion to reconsider the Order was January 25. He filed the motion on February 8—timely under Rule 59(e), but untimely under Rule 54(b). The Court will nonetheless exercise its discretion to consider Meeks' motion on the merits in the interests of justice.

Meeks contends that the January 11 Order should be vacated because it was issued "while the time to file exceptions to the magistrate's report was still open . . . ." (Doc. No. 79 at 2.) The Magistrate Judge filed the Report and Recommendation on December 28, 2016, and stated that objections must be filed within fourteen days of its service. (Doc. No. 69 at 5.) Because Meeks was no longer proceeding pro se as of September 6, 2016, his attorney of record received electronic

---

³ As the Magistrate Judge found in the Report and Recommendation discussed infra (Doc. No. 81 at 16), Meeks' two remaining ADA retaliation claims against CCA were for his alleged placement in administrative segregation in August 2013 and the alleged sanction of his assault in March 2014.

notice of the Report and Recommendation the same day that it was filed, and three days were not added to the objection period to account for service by mail. (Doc. No. 66); cf. Fed. R. Civ. P. 6(d). Fourteen days after December 28, 2016 is January 11, 2017. Thus, Meeks had until January 11 to file objections. Fed. R. Civ. P. 6(a)(4)(A). Meeks did not file objections to the December 28 Report and Recommendation.

On January 17, 2017, however, Meeks filed a pro se motion for extension of time to file objections. Local Rule 83.01(f)(5) provides that, where a party has appeared by attorney, that party may not "act in his own behalf in the action or proceeding, or take any step therein, unless an order of substitution" has been made by the Court. Thus, the Court will not consider Meeks' pro se motion. Because Meeks failed to file objections to the December 28 Report and Recommendation, and Meeks' pro se motion was improper, the Court concludes that the timing of the January 11 Order does not present a clear error of law or an instance of manifest injustice.

Meeks argues that the Court should reconsider the January 11 Order dismissing three of his ADA claims as barred by the statute of limitations for three reasons: (1) he alleges a hostile work environment claim; (2) he timely filed an ADA complaint with the Department of Justice on October 28, 2013; and (3) the Court should apply the doctrine of equitable tolling. (Doc. No. 79 at 3-5.)

Meeks' first two grounds for reconsideration are without merit because the failure to construe Meeks' allegations as a hostile work environment claim was not clear error and will not result in manifest injustice. On appeal, the Sixth Circuit stated that Meeks waived, abandoned, or failed to state a claim as to all of the claims in the Complaint and Amended Complaint except for his ADA retaliation claims. (Doc. No. 18 at 4-6.) Further, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment

5

practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). Meeks argues that, because he "constructively alleged a hostile [work] environment [claim]," the applicable statute of limitations does not bar the Court from considering earlier component parts of his claim. (Doc. No. 79 at 4.) Even construing the Complaint and Amended Complaint liberally, Meeks does not allege that he was an employee of TDOC or CCA. To the contrary, he was at all relevant times an inmate. (Doc. No. 1 at ¶ 11; Doc. No. 3 at ¶ 3.) Because Meeks has not "constructively alleged a hostile [work] environment [claim]," (Doc. No. 79 at 4), the October 2013 complaint that Meeks filed with the Department of Justice does not allow the Court to consider the time-barred claims.

Meeks also argues that the Court should apply the doctrine of "equitable tolling." (Doc. No. 79 at 5; Doc. No. 94 at 2-4.) Meeks bears the burden of demonstrating (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here, Meeks' motion for reconsideration does not explain any factual basis for tolling the statute of limitations, except that it would "prevent manifest injustice and allow the federal court to investigate serious allegations of violations of federal law." (Doc. No. 79 at 5.) In his reply, Meeks provides some specific facts that he diligently pursued his rights, but makes only conclusory assertions that he was prevented from filing for the entire time that the statute of limitations was running on these claims. (Doc. No. 94 at 2-4.) Accordingly, Meeks has not demonstrated that equitable tolling applies, and the Court will not reconsider the January 11 Order.

## III. PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. NO. 85)

On August 24, 2016, CCA filed a Motion for Summary Judgment. (Doc. No. 59.) Karen McDonald filed a notice of appearance on Meeks' behalf on September 6, 2016. (Doc. No. 66.) On September 16, 2016, Meeks filed a motion requesting an extension of time to respond to CCA's motion of summary judgment until January 16, 2017. (Doc. No. 67.) On October 13, 2016, the Court granted Meeks' motion for additional time. (Doc. No. 68.)

On February 3, 2017, Meeks filed a second motion for extension of time to respond to CCA's motion for summary judgment. (Doc. No. 77.) Meeks' counsel noted that this request was made after the January 16 response deadline, and offered as grounds for an additional extension that she "was focused on the dismissed claims and attending to other matters in this case when she neglected to request additional time to respond to CCA's summary judgment motion against plaintiff's remaining claims." (Id. at 2.) Meeks requested that a new deadline to respond to CCA's motion for summary judgment be set after the Court ruled on Meeks' Motion to Alter or Amend. (Id.) On February 13, 2017, the Magistrate Judge denied Meeks' second request for an extension of time to respond to CCA's motion for summary judgment. (Doc. No. 80.)

On February 27, 2017, Meeks filed a Motion for Review of the Magistrate Judge's Order Denying Plaintiff's Motion for Extension of Time. (Doc. No. 85.) CCA filed a response opposing this motion. (Doc. No. 92.)

When a Magistrate Judge decides a "nondispositive matter," Federal Rule of Civil Procedure 72(a) provides that a District Judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001) ("A district court shall apply a 'clearly erroneous or

contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A).") (quoting United States v. Raddatz, 447 U.S. 667, 673 (1980)).

As the Magistrate Judge stated, Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for "good cause," grant an extension of time "on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether "excusable neglect" is present, the court balances the following five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." Nafziger v. McDermott Intern., Inc., 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The Magistrate Judge weighed these factors and determined that there was not any evidence "from which the Court c[ould] determine the Plaintiff's actions or request for extension of time [were] in bad faith," but found that the other four factors weighed against granting Meeks' untimely request for an extension. (Doc. No. 80 at 2-3.) Meeks does not identify what portion of the Magistrate Judge's order is clearly erroneous or contrary to law, but essentially contends that the Magistrate Judge was just too harsh. (Doc. No. 86 at 2 ("Mr. Meeks analyzes these factors similarly, but less severely, than the Court.").) Upon review of the applicable factors, the Court concludes that the Magistrate Judge's determination was not clearly erroneous or contrary to law. Accordingly, Meeks' Motion for Review of Magistrate Judge's Order Denying Plaintiff's Motion for Extension of Time (Doc. No. 85) will be denied.

## IV. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge filed a Report and Recommendation (Doc. No. 81), recommending that CCA's Motion for Summary Judgment (Doc. No. 59) be granted and this action be dismissed. Meeks filed timely objections. (Doc. Nos. 87 and 88.)[4] CCA filed a response to Meeks' objections. (Doc. No. 91.)

The Court notes that Meeks filed pro se objections to the Report and Recommendation. (Doc. No. 89.) As stated above, Local Rule 83.01(f)(5) provides that, where a party has appeared by attorney, that party may not "act in his own behalf in the action or proceeding, or take any step therein, unless an order of substitution" has been made by the Court. Thus, the Court will consider the objections filed by Meeks' counsel and not those filed by Meeks himself.

The Court has reviewed the Report and Recommendation and Meeks' objections, and conducted a de novo review of the record. For the following reasons, the Report and Recommendation will be adopted, and CCA's Motion for Summary Judgment (Doc. No. 59) will be granted.

Meeks has two remaining ADA retaliation claims: "(1) [that] Defendant [CCA] placed him in administrative segregation on August 9, 2013; and (2) [that] Defendant [CCA] orchestrated and/or caused an attack on him on March 13, 2014." (Doc. No. 81 at 3 n.3, 16.)

Meeks first contends that the Magistrate Judge erred in finding that the facts CCA asserted in support of summary judgment are undisputed because his untimely motion requesting an additional extension of time to respond to Defendant CCA's motion for summary judgment should

---

[4] Meeks filed a Motion for *De Novo* Determination by the District Judge. (Doc. No. 87.) As the Report and Recommendation states, Federal Rule of Civil Procedure 72(b) allows any party to file specific written objections within fourteen (14) days after service of the recommended disposition. Thus, Meeks' motion was not necessary and will be denied as moot, but the Court will consider the motion and accompanying memorandum (Doc. Nos. 87 and 88) as timely objections.

have been granted. (Doc. No. 87 at 1; Doc. No. 88 at 1.) For the reasons stated above, the Court concludes that the Magistrate Judge's ruling was not in error. However, the Court notes that the Complaint and Amended Complaint are verified because Meeks made his allegations under "penalty of perjury." Williams v. Browman, 981 F.2d 901, 904-05 (6th Cir. 1992). Thus, the Court will consider any properly supported, specific allegations in the Complaint and Amended Complaint as having "'the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment." Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (quoting Williams, 981 F.2d at 905). Vague or conclusory allegations, even if verified, are insufficient to withstand a properly supported motion for summary judgment. Perry v. Wellington, 198 F.3d 246, 1999 WL 1045170, at *2 (6th Cir. 1999) (citing Cincinnati Bell Tel. Co. v. Allnet Commc'n Servs., Inc., 17 F.3d 921, 923 (6th Cir. 1994)).

Second, Meeks argues that the Magistrate Judge erred in finding that he failed to exhaust his administrative remedies. (Doc. No. 87 at 1; Doc. No. 88 at 1 (citing Ross v. Blake, 136 S. Ct. 1850, 1860 (2016).) The Magistrate Judge found that, according to the undisputed facts, Meeks' grievance regarding the August 2013 segregation claim was untimely, and Meeks did not file a grievance regarding the March 2014 assault claim.

In Ross v. Blake, the Supreme Court held that "[a]n inmate need exhaust only such administrative remedies as are 'available.'" 136 S. Ct. at 1862. The Court provided three scenarios where an administrative procedure is unavailable: (1) where prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 736, 738 (2001)); (2) where "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it," id.; and (3) where prison officials "thwart inmates

from taking advantage of a grievance process through machination, misrepresentation, or intimidation," id. at 1860. Meeks argues that he faced the third scenario. (Doc. No. 88 at 1.)

As to Meeks' August 2013 segregation claim, the undisputed facts reflect that, on August 19, 2013, the grievance clerk received Meeks' grievance stating that he was placed in segregation on August 9, 2013 as retaliation for seeking ADA protections. (Doc. No. 64 at ¶¶ 13-14.) The undisputed facts also reflect that this grievance was deemed untimely under the TDOC policy requiring grievances to be submitted within seven days after an alleged incident, and this determination was upheld by the chairperson, the committee, the Warden, and the TDOC Deputy Commissioner of Operations. (Id. at ¶¶ 15-16.) As to Meeks' March 2014 assault claim, the undisputed facts reflect that Meeks did not file a grievance regarding this alleged incident. (Doc. No. 64 at ¶¶ 10-20.) Upon review of the Complaint and the Amended Complaint, Meeks does not make any specific allegations that prison officials used "machinations, misrepresentation, or intimidation" to prevent him from complying with the grievance process for these two claims. The Court therefore concludes that the Magistrate Judge did not err in finding that Meeks failed to exhaust his administrative remedies on his two remaining ADA retaliation claims.

Third, Meeks argues that the Magistrate Judge erred in finding that he failed to establish the requisite elements of his ADA retaliation claims. Meeks specifically relies on the Sixth Circuit's ruling that the Complaint and Amended Complaint stated an ADA retaliation claim as to the alleged October 2012 transfer, June 2013 property destruction, and June 2013 assault. (Doc. No. 88 at 1-2.) The Magistrate Judge explained that the Report and Recommendation did not address those three claims because they were dismissed before the Report and Recommendation was issued. (Doc. No. 81 at 3 n.3.)

Meeks' two remaining claims will be dismissed for failure to exhaust administrative remedies. Nonetheless, the Court also concludes that Meeks' remaining claims do not withstand CCA's motion for summary judgment on the merits. As stated above, Meeks' only remaining claims are the ADA retaliation claims based on his alleged placement in administrative segregation in August 2013, and CCA allegedly causing an attack on him in March 2014. For these claims, Meeks must prove that: (1) he engaged in protected conduct under the ADA; (2) an adverse action was taken against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) there is a causal connection between (1) and (2). Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (citations omitted). Meeks must prove his "protected activity was a but-for cause of the alleged adverse action . . . ." E.E.O.C. v. Ford Motor Co., 782 F.3d 753, 770 (6th Cir. 2015) (en banc) (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013)).

Here, the undisputed facts reflect that, in accordance with SCCF policy, Meeks was placed in "protective custody investigation segregation" in August 2013 after Meeks' son notified SCCF that Meeks was being harassed and threatened by SCCF inmates. (Doc. No. 64 at ¶¶ 21-33.) Meeks remained in segregation while a "protective custody investigation" took place. (Id. at ¶¶ 34-35.) Meeks was returned to general population after the investigation did not find any evidence that he was being threatened or in danger. (Id. at ¶¶ 37-38.) By contrast, Meeks alleges that Warden Avril Chapman told Meeks "TDOC had called [Chapman] and said to lock [Meeks] down until [Meeks'] family members stopped calling senators and other officials complaining about" Meeks' treatment at SCCF. (Doc. No. 3 at ¶ 18.)[5]

---

[5] This is the most specific allegation of retaliation relating to Meeks' August 2013 segregation claim, but Meeks repeats similar allegations elsewhere in the Complaint (Doc. No. 1 at ¶ 54) and the Amended Complaint (Doc. No. 3 at ¶¶ 17, 19-21).

As to Meeks' March 2014 assault claim, the undisputed facts reflect that Meeks sustained minor bruising and swelling after a verbal disagreement with multiple inmates led to a physical altercation. (Doc. No. 64 at ¶¶ 39-40.) He offers only a conclusory allegation that he was assaulted by gang members "as a direct result of [his] grievances and continued attempts to have the TDOC/CCA/SCCF [] comply [with] the mandatory requirements of the ADA . . . ." (Doc. No. 3 at ¶ 35.)

Meeks' conclusory allegations in the Complaint and the Amended Complaint are insufficient to overcome CCA's properly supported motion for summary judgment because Meeks has not come forward with specific facts or evidence to support them. CCA's Motion for Summary Judgment (Doc. No. 59) will therefore be granted and Meeks' remaining ADA retaliation claims will be dismissed.

The Court will enter an appropriate order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE